■ In the Matter of KELLY SHEVLIN et al., Petitioners, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent State commissioner, dated October 6, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency to budget petitioners' grants co-operatively and reduce their grant to recover overpayments. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioners Kelly Shevlin and Andrew Minas moved to New York State in October, 1979 and moved into a boarding house at 417 Narragansett Avenue, East Patchogue. They subsequently moved to another address, applied for public assistance, and received two independent grants — Shevlin, aid to dependent children for herself and her unborn child, who Minas acknowledged is his child; Minas, home relief for

himself. They occupied separate rooms. On or about July 1, 1980, petitioners returned to 417 Narragansett Avenue. After the landlord at this address completed a form which purportedly indicated that petitioners were residing together in one room and after an agency investigator visited the house and talked to an unidentified person who claimed that he occupied one of the three bedrooms in the house, the landlord the second and petitioners the third, the local agency determined to budget petitioners' grants co-operatively and reduce their grant to recover overpayments (see 18 NYCRR 352.32, 348.4). Petitioners sought a fair hearing. In affirming the determination of the local agency, the respondent State commissioner relied on the following evidence adduced at the fair hearing: (1) the written residence form filled out by the landlord, (2) the investigator's report about his conversation with the unidentified person, (3) petitioners' movements together from 1979 on and Minas' acknowledged paternity of Shevlin's unborn child, and (4) the incredibility of Minas' statement that he did not reside with Shevlin, especially in view of his acknowledged paternity and his refusal to say whether he resided with her in Florida. We conclude that the State commissioner's determination is supported by substantial evidence. Lazer, J. P., Gibbons, Niehoff and Boyers, JJ., concur.